**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
ELEONORA ANTONYAN, SB# 338379
  E-Mail: Eleonora.Antonyan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MICHAEL K. JOHNSON, SB# 130193
  E-Mail: Michael.Johnson@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

Attorneys for Defendant
HEAP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES CONRAD, | Case No. 4:23-cv-01931-JSC |
| Plaintiff, | Hon. Jacqueline S. Corley |
| vs. | **DEFENDANT HEAP INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| ALLSTATE INSURANCE COMPANY, ET AL., , | |
| Defendants. | Date: August 10, 2023<br>Time: 10:00 a.m.<br>Ctrm: 8 |
| | Trial Date: None Set |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**NOTICE OF MOTION TO DISMISS**

PLEASE TAKE NOTICE that on August 10, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 (19th Floor) of the above-entitled court, located 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Heap Inc. ("Heap") will, and hereby does, move the Court under Federal Rule of Covil Procedure rule 12(b)(6) for an Order dismissing, in whole or in part, the Complaint by Plaintiff James Conrad, individually and on behalf of all others similarly situated ("Plaintiff").

**STATEMENT OF RELIEF SOUGHT (L.R. 7-2(B)(3))**

Defendant Heap Inc. seeks an Order pursuant to Rule 12(b)(6) dismissing the Complaint, in whole or in part, for failure to state a claim upon which relief can be granted.

This motion is based on this notice, the memorandum of points and authorities submitted herewith, and all other facts the Court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may entertain.

DATED: May 31, 2023

JON P. KARDASSAKIS
ELEONORA ANTONYAN
MICHAEL K. JOHNSON
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

MICHAEL K. JOHNSON
Attorneys for Defendant HEAP, INC.



**DEFENDANT HEAP INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

Page

I. Introduction ...................................................................................................................1

II. Statement of the Issues to be Decided ..........................................................................2

III. Factual Allegations ........................................................................................................2

IV. Legal Standard ...............................................................................................................3

V. Argument .......................................................................................................................4

    A. Plaintiff's California Invasion of Privacy Act Claims Fail ..................................4

        1. Allstate and Heap Cannot Be Liable Under Section 631(a)(i) as This
           Section Pertains Exclusively to Telephone Wiretapping Conduct ................5

        2. Heap, as an Extension of Allstate, Is a Party-Participant to the
           Communication and Cannot "Eavesdrop" to Such Communications
           as a Matter of Law ........................................................................................5

        3. Plaintiff's Section 631(a)(ii) and (a)(iv) Claims Fail as the
           Information at Issue Is Not "Content" Under the Statute ..............................7

        4. Heap Cannot Violate Section 631(a)(iv) ......................................................8

    B. Plaintiff's Invasion of Privacy Claim Fails .........................................................9

        1. Plaintiff's Invasion of Privacy Claim Should Be Dismissed Because
           He Fails to Allege a Legally Protected Privacy Interest as the
           Information at Issue is Not Sensitive and Confidential ................................9

        2. Plaintiff's Invasion of Privacy Claim Fails Because the Alleged
           Invasion Is Not Sufficiently Serious ..........................................................10

        3. Plaintiff's Invasion of Privacy Claim Fails as Heap's Business or the
           Alleged Conduct Are Not Highly Offensive ..............................................11

    C. Plaintiff's California Unfair Competition Law Claims Fail ................................12

        1. Plaintiff Lacks Standing to Bring UCL Claims as He Failed to
           Alleged Any Economic Injury ....................................................................12

         2. Plaintiff Fails to Plead Claims Under UCL Because the Underlying
           Theories of Liability Fail ............................................................................13

        3. Plaintiff Fails to Plead Claims Under Unfair Prong of UCL ......................14

VI. Conclusion ...................................................................................................................15

**DEFENDANT HEAP INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Allied Ins. Co.*,
No. EDCV-14-0424, 2014 WL 12591844 (C.D. Cal. Aug. 19, 2014)...................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................................6, 7

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) ....................................................................................11

*Byars v. Hot Topic*,
No. 22-1652-JGB, 2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) .........................................10

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163, 83 Cal. Rptr. 2d 548, 973 P.2d 527 (Cal. 1999) .........................................17

*Davis v. HSBC Bank*,
691 F.3d 1152 (9th Cir. 2012) ...............................................................................................16

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020), *cert. denied*, No. 20-727, —— U.S. ——, 141
S.Ct. 1684 (U.S. Mar. 22, 2021) ..............................................................................................9

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986 (Cal. Ct. App. 2011) .....................................................................14, 15

*In re Google Assistant Privacy Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ......................................................................................8

*In re Google Inc. Gmail Litig.*,
2013 U.S. Dist. LEXIS 172784, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ....................8

*In re Google, Inc. Privacy Policy Litig.*,
58 F. Supp. 3d 968 (N.D. Cal. 2014) ................................................................................15, 17

*Grafilo v. Wolfsohn*,
33 Cal. App. 5th 1024 (2019)..................................................................................................12

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ................................................................................9, 10

*Hadley v. Kellogg Sales Co.*,
243 F.Supp.3d 1074 (N.D. Cal. 2017) .....................................................................................16

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) ...................................................................................13



*Johnson v. Blue Nile*,
    2021 WL 1312771 (N.D. Cal. Apr. 8, 2021) ................................................................ 10

*Jones v. Bock*,
    549 U.S. 199 (2007) .......................................................................................................... 6

*Kellman v. Spokeo, Inc.*,
    599 F. Supp. 3d 877 (N.D. Cal. 2022) ......................................................................... 16

*Licea v. Am. Eagle Outfitters*,
    --- F.Supp.3d ----, 2023 WL 2469630 (Mar. 7, 2023) ........................................... 9, 10

*Licea v. Cinmar, LLC*,
    No. 22-6454-MWF, 2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) ........................... 9, 10

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ............................................................ 12, 13, 15

*Mai v. Supercell Oy*,
    --- F.Supp.3d ----, No. 20-cv-05573, 2023 WL 25713 (N.D. Cal. Jan. 3, 2023) ................... 16

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. July 14, 2021) ..................................................... 14, 15

*McCoy v. Alphabet, Inc.*,
    2021 WL 405816 (N.D. Cal. Feb. 2, 2021) .............................................................. 11, 15

*Mitchell v. Regional Serv. Corp.*,
    No. C 13-042212-JSW, 2014 WL 12607809 (N.D. Cal. Apr. 23, 2014) ........................ 14

*In re Nickelodeon Consumer Priv. Litig.*,
    2014 WL 3012873 (D.N.J. July 2, 2014) ...................................................................... 11

*Phillips v. Archstone Simi Valley LLC*,
    No. 15- cv-5559, 2016 WL 400100 (C.D. Cal. Feb. 1, 2016) ...................................... 14

*Pioneer Elecs. (USA), Inc. v. Superior Court*,
    40 Cal. 4th 360, 150 P.3d 198 (2007) ......................................................................... 12

*Powell v. Union Pac. R. Co.*,
    864 F. Supp. 2d 949 (E.D. Cal. 2012) ............................................................................ 8

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (1975) ............................................................................................. 9

*Romoff v. Gen. Motors LLC*,
    574 F.Supp.3d 782 (S.D. Cal. 2021) ............................................................................ 16


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Ruiz v. Gap, Inc.*,
    540 F. Supp. 2d 1121 (N.D. Cal. 2008) aff'd, 380 Fed. App'x. 689 (9th Cir.
    2010)..............................................................................................................................13

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*,
    72 Cal. App. 4th (1999)..................................................................................................17

*S.D. v. Hytto Ltd.*,
    2019 WL 8333519 (N.D. Cal. May 15, 2019) ...............................................................11

*Silver v. Stripe Inc.*,
    2021 U.S. Dist. LEXIS 141090, 2021 WL 3191752 (N.D. Cal. July 28, 2021)......................8

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    93 Cal.App.4th 700 (2001)............................................................................................17

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)............................................................................................7

*Tavernetti v. Superior Court of San Diego Cty.*,
    22 Cal. 3d 187 (Cal. 1978)...............................................................................................7

*United States v. Reed*,
    575 F.3d 900 (9th Cir. 2009)..........................................................................................11

*Usher v. City of Los Angeles*,
    828 F.2d 556 (9th Cir. 1987)............................................................................................7

*Williams v. What If Holdings, LLC*,
    No. 22-03780-WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ..............................9, 10

*In re Yahoo*,
    7 F. Supp. 3d at 1041.....................................................................................................12

*Yoon v. Lululemon USA Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal. 2021)..........................................................................11

*In re Zynga Priv. Litig.*,
    750 F.3d 1098 (9th Cir. 2014)........................................................................................11

**Statutes**

Cal. Penal Code § 631(a).................................................................................4, 7, 8, 9, 10, 16

California's Unfair Competition Law .................................................................................5, 16



**DEFENDANT HEAP INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff James Conrad brings claims against software-as-a-service provider Defendant Heap Inc. ("Heap") for providing a commonplace internet analytics tool to Defendant Allstate Insurance Company ("Allstate") to help Allstate capture the actions taken by users interacting with its own website. In short, this case is about Allstate's ability to understand how its website is functioning and how users are interacting with its website to ensure a smooth, error-free experience for the website users. Plaintiff's argument that such routine internet functionality amounts to unlawful wiretapping and eavesdropping are meritless. Stripped of conclusory legal assertions and hyperbole, the Complaint's factual allegations do not support Plaintiff's claims. As such, the Court should dismiss the Complaint with prejudice for the reasons described below.

*First*, Plaintiff's California Invasion of Privacy Act ("CIPA") claim fails for multiple reasons. Plaintiff cannot bring a claim under Section 631(a)(i) as it exclusively pertains to wiretapping of "telegraph or telephone wire, line, cable, or instrument." Further, Heap fits within the well-recognized party-participant exception under Section 631. Because Heap was not a third-party to the alleged communication, but an extension of Allstate, Heap cannot be held liable for eavesdropping under Section 631. Finally, the alleged information at issue does not constitute "content" for purposes of CIPA.

*Second*, Plaintiff has failed to state a claim for invasion of privacy under the California Constitution. Plaintiff cannot plausibly allege that he held a reasonable expectation of privacy in the information allegedly collected because Plaintiff intentionally shared that information over the internet with Allstate. Nor has Plaintiff adequately alleged that the data collection at issues constitutes an "egregious breach of social norms." As a matter of law, such routine collection of data for analytics purposes cannot rise to the requisite level for invasion of privacy.

*Third*, Plaintiff's claims for violation of California's Unfair Competition Law ("UCL") fail. Plaintiff does not have standing to assert UCL violations as he does not and cannot plead any actual injury in the form of lost money or property. Moreover, Plaintiff's UCL claims are based on Heap's alleged violation of CIPA. Because Plaintiff's underlying CIPA claim fails, so does his

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  claim for violation of UCL.

2      Plaintiff's Complaint should be dismissed in its entirety.

3  **II.    STATEMENT OF THE ISSUES TO BE DECIDED**

4      • Whether Section 631(a)(i) applies to internet communications.

5      • Whether the information at issue is considered "content" under Section 631(a)(ii)
        and (a)(iv).

6

7      • Whether Heap is a party-participant for purposes of CIPA.

8      • Whether Heap aided and abetted Allstate to "eavesdrop" on Plaintiff's
        communications.

9      • Whether Plaintiff has standing to bring UCL claims.

10     • Whether Plaintiff plead sufficient facts to constitute unlawful and unfair conduct
        under UCL.

11

12     • Whether the information at issue is considered "sensitive and confidential" for
        purposes of Plaintiff's Constitutional Invasion of Privacy claim.

13     • Whether Heap's alleged invasion of Plaintiff's privacy is sufficiently serious for
        purposes of Plaintiff's Constitutional Invasion of Privacy claim.

14

15     • Whether Heap's services or its alleged intrusion onto Plaintiff's privacy is highly
        offensive for purposes of Plaintiff's Constitutional Invasion of Privacy claim.

16  **III.   FACTUAL ALLEGATIONS**

17      Plaintiff alleges "Allstate owns and operates Allstate.com." Compl. ¶ 17. "Heap Inc.

18  ('Heap') is a marketing analytic software-as-a-service ("SaaS") company that sells an analytics

19  platform software product that records consumer interactions with a website in real time. Website

20  owners can use this software by adding Heap's JavaScript into the source code of their website.

21  This allows both Heap and the website owner to record a visitor's keystrokes and other actions on

22  the website." *Id.* at ¶ 2. Plaintiff asserts "Allstate uses Heap's JavaScript on Allstate.com, which is

23  embedded in the source code of Allstate's website." *Id.* at ¶ 30.

24      Plaintiff alleges he entered his information into an online form on Allstate's website to get

25  an insurance quote. *Id.* at ¶ 6. Plaintiff asserts during his visit, "Allstate and Heap recorded

26  Plaintiff's electronic communications in real time, and used the intercepted data to learn his

27  identity, email address, zip code, date of birth, height, weight, use of prescription medications and

28  tobacco products, and other PII and PHI without his consent." *Id.* Plaintiff asserts "[d]uring

**DEFENDANT HEAP INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Plaintiff's visit, Heap's 'Session Replay' feature created a video capturing Plaintiff's keystrokes
2  and mouse clicks on the website. It also captured the date and time of each visit, the duration of
3  the visit, Plaintiff's IP address, his location at the time of the visit, browser type, and the operating
4  system on their device." *Id.* at ¶ 50.

5    Plaintiff baldly alleges Defendants "intercepted" his communications without providing
6  any factual information as to when and how the alleged interception occurred. *See, e.g., id.*, ¶¶ 6-7,
7  41. Plaintiff is also unclear as to which Defendant allegedly captured his information. *Compare* ¶
8  43 ("Allstate knows it captures keystrokes, mouse clicks and other communications of visitors to
9  its website, and Allstate supplies that information to Heap.") and ¶ 42 ("Allstate failed to give
10  Plaintiff and members of the putative class adequate notice that their form responses have been
11  intercepted and transmitted to Heap and that their activity will continue to be intercepted and
12  transmitted to Heap if they continue to answer additional questions."); *with* ¶ 22 ("As soon as the
13  JavaScript is added to a webpage, Heap will automatically start to capture the data submitted in
14  the form.")  Plaintiff does not allege any misuse or dissemination of the allegedly captured
15  information by Heap.

16  **IV.**   **LEGAL STANDARD**

17    A court must dismiss a complaint under Rule 12(b)(6) if the alleged facts do not "state a
18  claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
19  A claim is facially plausible when the plaintiff pleads facts that "allow[ ] the court to draw the
20  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556
21  U.S. 662, 678 (2009) (internal citations and quotations omitted). There must be "more than a sheer
22  possibility that a defendant has acted unlawfully." *Id.* A complaint fails to state a claim if the relief
23  it seeks is barred as a matter of law. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

24    In ruling on a motion to dismiss, the court accepts the plaintiff's allegations as true and
25  draws all reasonable inferences in its favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th
26  Cir. 1987). The court is not required to accept as true "allegations that are merely conclusory,
27  unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*,
28  266 F.3d 979, 988 (9th Cir. 2001). "[T]he tenet that a court must accept as true all of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678

2  (2009). Legal conclusions "must be supported by factual allegations." *Id.* at 679.

3  **V.    ARGUMENT**

4  **A.    PLAINTIFF'S CALIFORNIA INVASION OF PRIVACY ACT CLAIMS FAIL**

5  The CIPA, Cal. Penal Code § 631, provides:

6  (a) Any person who, by means of any machine, instrument, or contrivance, or in any other manner,

7

8  [i] intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or

9

10

11  [ii] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or

12

13  [iii] who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or

14

15  [iv] who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine ....

16

17

18  Cal. Penal Code § 631(a) (line breaks and subdivisions added for ease of reference). The

19  California Supreme Court has distilled this down to "three distinct and mutually independent

20  patterns of conduct: intentional wiretapping, willfully attempting to learn the contents or meaning

21  of a communication in transit over a wire, and attempting to use or communicate information

22  obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Superior*

23  *Court of San Diego Cty.*, 22 Cal. 3d 187,  192 (Cal. 1978).

24  Plaintiff alleges Allstate violated the first and fourth, and Heap violated the first, second,

25  and fourth clauses of Section 631(a). Comp. ¶¶ 75(a-b) -76(a-c).

26  Plaintiff's claims should be dismissed because Plaintiff has not and cannot plead that Heap

27  has violated CIPA as a matter of law.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

95437573.8                                            4                    Case No. 4:23-cv-01931-JSC

**DEFENDANT HEAP INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**1.** *Allstate and Heap Cannot Be Liable Under Section 631(a)(i) as This Section Pertains Exclusively to Telephone Wiretapping Conduct*

As courts in this district consistently recognized, Section 631(a)(i) concerns telephonic wiretapping specifically and does not apply in the context of internet communications. *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) (Judge Beth Labson Freeman) (explaining that "the plain text of the statute . . . expressly requires that the unauthorized 'connection' be made with 'any telegraph or telephone wire, line, cable, or instrument'" (quoting Cal. Penal Code § 631(a))); *In re Google Inc. Gmail Litig.*, 2013 U.S. Dist. LEXIS 172784, 2013 WL 5423918, at *20 (N.D. Cal. Sept. 26, 2013) (Judge Lucy H. Koh) (describing the "limitation of 'telegraphic or telephone' on 'wire, line, cable, or instrument' in the first clause of [Section 631(a)]").

Indeed, courts have applied Section 631(a) via the language of its second clause to the internet browsing context. *See, e.g., In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d at 826 (analyzing whether communication was sent from or received in California); *Silver v. Stripe Inc.*, 2021 U.S. Dist. LEXIS 141090, 2021 WL 3191752, at *3-4 (N.D. Cal. July 28, 2021) (analyzing whether alleged eavesdropping was consented to); *Adler v. Community.com, Inc.*, 2021 U.S. Dist. LEXIS 201644, 2021 WL 4805435, at *3-4 (C.D. Cal. Aug. 2, 2021) (analyzing whether communication was intercepted in transit). Plaintiff does not allege any interception of "telegraph or telephone wire, line, cable, or instrument." Plaintiff thus fails to state a claim against both Allstate and Heap under the first clause of Section 631(a).

**2.** *Heap, as an Extension of Allstate, Is a Party-Participant to the Communication and Cannot "Eavesdrop" to Such Communications as a Matter of Law*

Section 631(a) applies to third parties and not participants to the communication. *Powell v. Union Pac. R. Co.*, 864 F. Supp. 2d 949, 955 (E.D. Cal. 2012) (collecting cases). Only a third party can listen to a conversation secretly. *Williams v. What If Holdings, LLC*, No. 22-03780-WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022)("Parties to a conversation cannot eavesdrop on their own conversation."); *Licea v. Cinmar, LLC*, No. 22-6454-MWF, 2023 WL 2415592, at *7 (C.D. Cal. Mar. 7, 2023) (hereinafter "*Cinmar*") ("Section 631 contains an

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

exemption from liability for a person who was a 'party' to a communication.") (citations omitted); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975). By contrast, a party to a communication can record it (and is not eavesdropping when it does). *Id.* at 897- 99; *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020), *cert. denied*, No. 20-727, —— U.S. ——, 141 S.Ct. 1684 (U.S. Mar. 22, 2021).

Allstate, as the website owner, was the intended recipient of Plaintiff's alleged communications and could not have "eavesdropped" as a matter of law. *Williams*, 2022 WL 17869275, at *2 (website owner cannot be liable under first three clauses of Section 631(a)); *Licea v. Am. Eagle Outfitters*, --- F.Supp.3d ----, 2023 WL 2469630, at *7 (Mar. 7, 2023) (same) (hereinafter "*Am. Eagle*"); *Licea v. Cinmar, LLC*, No. 22-6454-MWF, 2023 WL 2415592, at *7 (C.D. Cal. Mar. 7, 2023) (hereinafter "*Cinmar*"). Plaintiff's claims for violation of Section 631(a) against Allstate therefore fail as a matter of law.

Heap, an extension of Allstate, is also a party-participant to the alleged communications. *Graham v. Noom, Inc.,* 533 F. Supp. 3d 823 (N.D. Cal. 2021) is instructive. Plaintiffs in *Graham* visited the Noom website to search for diet offerings. *Graham*, 533 F. Supp. 3d at 828. Noom used the program of a third-party vendor designed "to capture and analyze data so that [Noom] can see how visitors are using [its] websites." *Id*. Noom "put [the vendor's] code on [its] website[] to capture the data, and then … review the data, which [was] stored in the cloud on [the vendor's] servers." *Id.* Plaintiffs claimed defendants "record[ed] visitor data such as keystrokes, mouse clicks, and page scrolling[,]" and through "Session Replay" function were able to "playback" any user's interactions on website. *Id.* The *Graham* plaintiffs claimed this conduct violated CIPA Section 631. *Id.*

The court dismissed the claims holding "as a service provider, [the vendor] is an extension of Noom. It provides a tool – like the tape recorder in *Rogers* – that allows Noom to record and analyze its own data in aid of Noom's business. It is not a third-party eavesdropper." *Id.* at 833 (citations omitted); *Williams*, 2022 WL 17869275, at *4 (holding the third-party vendor "functioned as a recorder, not an eavesdropper"); *see also Cinmar*, 2023 WL 2416692, at *7-*9 (concluding software used to record website chats is akin to a recording device and does not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

violate Section 631(a)); *Johnson v. Blue Nile*, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) (same); *Am. Eagle*, 2023 WL 2469630, at *8 (same); *Byars v. Hot Topic*, No. 22-1652-JGB, 2023 WL 2026994, at *10 (C.D. Cal. Feb. 14, 2023) (same). Same is true here.

Plaintiff alleges Heap "is a marketing analytic software-as-a-service ("SaaS") company that sells an analytics platform software product that records consumer interactions with a website in real time. Website owners can use this software by adding Heap's JavaScript into the source code of their website. This allows both Heap and the website owner to record a visitor's keystrokes and other actions on the website." Compl. at ¶ 2. Plaintiff asserts "Allstate uses Heap's JavaScript on Allstate.com, which is embedded in the source code of Allstate's website." *Id.* at ¶ 30. Plaintiff asserts Heap provides the collected information to its clients, *i.e.*, Allstate. *Id.* at ¶ 24. Plaintiff does not allege Heap did anything with the data allegedly collected from his interactions with Allstate's website other than make it available to Allstate—the party with which Plaintiff intended to communicate. Plaintiff does not allege Heap sold his data, used it for advertising or any other purposes, or disclosed it to any third party.

These allegations do not amount to a surreptitious wiretapping by a third party. Heap is an "extension" of Allstate, not a third-party, and cannot be held liable under first three clauses of Section 631(a). *See Graham*, 533 F. Supp. 3d at 832; *Johnson*, 2021 WL 1312771, at *2 ("[F]or the reasons stated in *Graham v. Noom*, FullStory is not a third-party eavesdropper."); *Cinmar*, 2023 WL 2415592, at *9 ("Plaintiffs' allegations suggest a situation more akin to *Graham*, where the court found that a third party was not an eavesdropper where their software collected clients' data, kept the data on its servers, and allowed clients to analyze their data.").

### 3. Plaintiff's Section 631(a)(ii) and (a)(iv) Claims Fail as the Information at Issue Is Not "Content" Under the Statute

Section 631(a) prohibits the unauthorized access of the *contents* of any communications. Cal. Penal Code § 631(a); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020). The "contents" of a communication under CIPA and the federal Wiretap Act are the same. *Brodsky*, 445 F. Supp. 3d at 127 (citation omitted). The "content" of a communication is "the intended message conveyed by the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir.

2014). It does not include "record information regarding the characteristics of the message that is generated in the course of the communication" such as "the name, address and subscriber number or identity of a subscriber or customer." *Id.* (cleaned up). Similarly, the origin, length, and time of a call, or geolocation data are not content. *United States v. Reed*, 575 F.3d 900, 914–17 (9th Cir. 2009); *S.D. v. Hytto Ltd.,* 2019 WL 8333519, at *6 (N.D. Cal. May 15, 2019).

Plaintiff bases his claim at least in part on Heap's purported capture of data that are not "contents" under CIPA. Plaintiff asserts "[d]uring Plaintiff's visit, Heap's 'Session Replay' feature created a video capturing Plaintiff's *keystrokes and mouse clicks on the website*. It also captured *the date and time of each visit, the duration of the visit, Plaintiff's IP address, his location at the time of the visit, browser type, and the operating system on their device.*" Compl. ¶ 50 (emphasis added). The keystrokes and mouse clicks, including the date and time of each visit, the duration of the visit, IP address, geolocation, browser type and operating system are <u>not</u> content for purposes of the statute. *Yoon v. Lululemon USA Inc.*, 549 F. Supp. 3d 1073, 1082–83 (C.D. Cal. 2021) ("keystrokes, mouse clicks, pages viewed, and shipping and billing information ... [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" are not content for purposes of the CIPA statute); *McCoy v. Alphabet, Inc.*, 2021 WL 405816, at *14 (N.D. Cal. Feb. 2, 2021) ("data on when and how often an Android Smartphone user opens and runs non-Google apps and the amount of time spent on the apps" is not content); *In re Nickelodeon Consumer Priv. Litig.*, 2014 WL 3012873, at *15 (D.N.J. July 2, 2014) ("IP addresses and URLs" are not content). The Court should dismiss Plaintiff's CIPA claims to the extent Plaintiff attempts to base his claims on the purported collection of information that is not "content" for purposes of CIPA.

### 4. *Heap Cannot Violate Section 631(a)(iv)*

Section 631(a)(iv) provides liability for any person "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the" other three bases for liability. Plaintiff asserts Heap "aided, agreed with, employed, and conspired with Heap to implement Heap's technology, and to accomplish the wrongful conduct at issue." (*Id.* ¶ 76(c)). Plaintiff cannot aid and abet itself in violating Section 631(a)(i)-(iii). Nor can Heap violate

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the fourth clause of Section 631(a) because it cannot aid and abet a participant to a communication, *i.e.*, Allstate, to "eavesdrop" to its own communication. To the extent Plaintiff's claims are based on the alleged aiding and abetting theory, these claims fail.

### B. PLAINTIFF'S INVASION OF PRIVACY CLAIM FAILS

"To establish a valid claim under the California Constitution's right to privacy, a plaintiff must first demonstrate three elements: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest." *Armstrong v. Allied Ins. Co*., No. EDCV-14-0424, 2014 WL 12591844, at *5 (C.D. Cal. Aug. 19, 2014). It is well settled that to get past the pleading stage on a motion to dismiss for such a claim, a plaintiff must pass a "high bar." *Low v. LinkedIn Corp.,* 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012); *see also Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 370, 150 P.3d 198 (2007)).

#### 1. *Plaintiff's Invasion of Privacy Claim Should Be Dismissed Because He Fails to Allege a Legally Protected Privacy Interest as the Information at Issue is Not Sensitive and Confidential*

A constitutionally protected informational privacy interest is limited to "*sensitive* and *confidential* information," *In re Yahoo*, 7 F. Supp. 3d at 1041, such as "symptoms, family history, diagnoses, test results and other intimate details concerning treatment," *Grafilo v. Wolfsohn*, 33 Cal. App. 5th 1024, 1034 (2019) (quoting *Lewis v. Superior Court*, 3 Cal. 5th 561, 575 (2017)). Here, Plaintiff alleges he "used Allstate website to search for an insurance quote, entering his private information into the online form at Allstate.com." Comp. ¶ 6. Plaintiff asserts during his visit, "Allstate and Heap recorded Plaintiff's electronic communications in real time, and used the intercepted data to learn his identity, email address, zip code, date of birth, height, weight, use of prescription medications and tobacco products, and other PII and PHI without his consent." *Id.* Plaintiff asserts "[d]uring Plaintiff's visit, Heap's 'Session Replay' feature created a video capturing Plaintiff's *keystrokes and mouse clicks on the website*. It also captured *the date and time of each visit, the duration of the visit, Plaintiff's IP address, his location at the time of the visit, browser type, and the operating system on their device*." *Id.* at ¶ 50 (emphasis added).

Plaintiff does not allege the kinds of data he provided to Allstate and/or Heap. His

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

conclusory allegation that he provided private information which Heap "*used to learn his identity, email address, zip code, date of birth, height, weight, use of prescription medications and tobacco products*" is insufficient. Plaintiff does not allege Heap received his medical history, profile, or information about his treatment. Plaintiff cannot claim he has a legally protected interest in the information gathered because the allegations show the information is not sensitive or confidential.

### 2. *Plaintiff's Invasion of Privacy Claim Fails Because the Alleged Invasion Is Not Sufficiently Serious*

"Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (quoting *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 26, 37 (1994)). Thus, the alleged breach must not be slight or trivial in nature. *Hill*, 7 Cal. 4th at 37. "Even disclosure of personal information, including social security numbers, does not constitute an egregious breach of the social norms to establish an invasion of privacy claims." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. July 12, 2021) (citations omitted); *see In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2012) ("Here, the information allegedly disclosed to third parties included the unique device identifier number, personal data, and geolocation information from Plaintiffs' iDevices. Even assuming this information was transmitted without Plaintiffs' knowledge and consent, a fact disputed . . . such disclosure does not constitute an egregious breach of social norms."); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1127–28 (N.D. Cal. 2008) aff'd, 380 Fed. App'x. 689 (9th Cir. 2010) (holding that the theft of a retail store's laptop containing personal information, including the social security numbers, of job applicants did not constitute an egregious breach of privacy and therefore was not sufficient to state a valid claim under the California Constitutional right to privacy); *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1142 (E.D. Cal. July 14, 2021) (dismissing claim for invasion of privacy under the California Constitution because allegations that defendant may have access to personal contact information and the like "simply do not approach the sort of 'egregious' or 'highly offensive' conduct which courts have typically permitted to proceed beyond the motion to dismiss stage").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiff alleges "Allstate owns and operates Allstate.com." Compl. ¶ 17. Heap "is a marketing analytic software-as-a-service ("SaaS") company that sells an analytics platform software product that records consumer interactions with a website in real time. Website owners can use this software by adding Heap's JavaScript into the source code of their website. This allows both Heap and the website owner to record a visitor's keystrokes and other actions on the website." *Id.* at ¶ 2. Plaintiff asserts "Allstate uses Heap's JavaScript on Allstate.com, which is embedded in the source code of Allstate's website." *Id.* at ¶ 30.Plaintiff alleges "[d]uring Plaintiff's visit, Heap's 'Session Replay' feature created a video capturing Plaintiff's *keystrokes and mouse clicks on the website*. It also captured *the date and time of each visit, the duration of the visit, Plaintiff's IP address, his location at the time of the visit, browser type, and the operating system on their device.*" *Id.* at ¶ 50 (emphasis added). The collection of this information (assuming this information is private), does not amount to an egregious breach of privacy. *See, e.g., Folgelstrom v. Lamps Plus, Inc.,* 195 Cal. App. 4th 986, 993 (Cal. Ct. App. 2011) ("[W]e have found no case which imposes liability based on the defendant obtaining unwanted access to the plaintiff's private information which did not also allege that the use of plaintiff's information was highly offensive."); *Mitchell v. Regional Serv. Corp.*, No. C 13-042212-JSW, 2014 WL 12607809, at *5 (N.D. Cal. Apr. 23, 2014) (holding that trespassing onto plaintiff's property and observing personal activities of plaintiff did not amount to a serious invasion of privacy because defendant had legitimate business and legal reason for doing so); *Phillips v. Archstone Simi Valley LLC*, No. 15- cv-5559, 2016 WL 400100, at *9 (C.D. Cal. Feb. 1, 2016) (dismissing invasion of privacy claim because plaintiff failed to allege how purported intrusions were egregious and serious in nature). Plaintiff's invasion of privacy claim thus fails.

### 3. *Plaintiff's Invasion of Privacy Claim Fails as Heap's Business or the Alleged Conduct Are Not Highly Offensive*

Plaintiff does not plead facts showing a "highly offensive" invasion of privacy. Plaintiff's conclusory allegation that "[a] reasonable person would find it highly offensive that Defendants received, collected, and stored Plaintiff's and class members' private personal information without their consent[,]" is insufficient to state a claim for invasion of privacy. As Plaintiff acknowledges,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Heap simply provides a commonplace internet analytics tool to Allstate for it to capture the actions taken by users interacting with its own website. Compl. ¶¶ 2, 30. Like security cameras and voice recorders, this tool helps Allstate improve its website's users' experience. This is a routine commercial practice not amounting to a "highly offensive" conduct. *See McCoy v. Alphabet, Inc.*, No. 20-cv-05427-SVK, 2021 WL 405816, at *7 (N.D. Cal. Feb. 2, 2021) (noting that "courts have characterized the collection and disclosure of [personal information about the users of a technology] as 'routine commercial behavior'") (citation omitted); *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 988 (N.D. Cal. 2014) ("courts in this district have consistently refused to characterize the disclosure of common, basic digital information to third parties as serious or egregious violations of social norms"); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (disclosure of digital identification information such as users' browsing histories "does not meet the standard set by California courts" to establish a common law claim for invasion of privacy); *Folgelstrom v. Lamp Plus, Inc.*, 195 Cal.App.4th 986, 992 (2011) (defendant's collection of the plaintiff's address without his knowledge or permission, and use of it to mail him coupons and other advertisements, not an egregious breach of social norms, but rather "routine commercial behavior.").

Plaintiff's constitutional invasion of privacy claims thus fail as a matter of law.

### C. PLAINTIFF'S CALIFORNIA UNFAIR COMPETITION LAW CLAIMS FAIL

#### 1. *Plaintiff Lacks Standing to Bring UCL Claims as He Failed to Alleged Any Economic Injury*

To establish a defendant violated Unfair Competition Law ("UCL"), a plaintiff must first demonstrate UCL standing, which is distinct from Article III standing. *Mastel*, 549 F. Supp. 3d at 1144. To establish UCL standing, a plaintiff must show more than an injury in fact: he "must establish that [he] (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." *Id.* (citing *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009)) (emphasis added); *see also* Cal. Bus. & Prof. Code § 17204. Plaintiff does not allege that his personal information has economic value or that he has suffered any economic injury as a result of Heap's conduct. *See Mastel*, 549 F. Supp. 3d at 1144 ("Numerous courts have held that disclosure

of personal information alone does not constitute economic or property loss sufficient to establish UCL standing, unless the plaintiff provides specific allegations regarding the value of the information."). Because Plaintiff has failed to plead any allegations concerning the economic value of the personal information allegedly obtained by Heap, the court should dismiss Plaintiff's claim for violations of the UCL.

### 2. *Plaintiff Fails to Plead Claims Under UCL Because the Underlying Theories of Liability Fail*

Plaintiff's claim under the "unlawful" and "unfair" prongs of the UCL fail because they are predicated on the same theories underlying his invasion of privacy claims, making the failure of those underlying theories fatal. *See* Compl. ¶¶ 85-86; *Mai v. Supercell Oy*, --- F.Supp.3d ----, No. 20-cv-05573, 2023 WL 25713, at *6 (N.D. Cal. Jan. 3, 2023) (dismissing "unfair" UCL claim based on same conduct as "unlawful" UCL claim where "unlawful" UCL claim was dismissed); *see also Kellman v. Spokeo, Inc*., 599 F. Supp. 3d 877, 896 & n.5 (N.D. Cal. 2022); *Romoff v. Gen. Motors LLC*, 574 F.Supp.3d 782, 789-90 (S.D. Cal. 2021) (dismissing "unfair" UCL claim based on same conduct as "unlawful" and "fraudulent" UCL claims, when "unlawful" and "fraudulent" UCL claims were dismissed); *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1104-05 (N.D. Cal. 2017) (same); *Eidmann v. Walgreen Co.*, 522 F.Supp.3d 634, 647 (N.D. Cal. 2021) (same). UCL provides an independent cause of action but requires an underlying violation because "[S]ection 17200 borrows violations of other laws and treats them as unlawful practices." *See Davis v. HSBC Bank*, 691 F.3d 1152, 1168 (9th Cir. 2012) (alteration in original) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 83 Cal. Rptr. 2d 548, 973 P.2d 527, 539-40 (Cal. 1999)).

Plaintiff alleges Heap's unlawful conduct is based on violations of CIPA, Cal. Penal Code § 631, and violations of Plaintiff's privacy rights under the California Constitution. Compl. ¶ 85. As explained above, those claims fail as a matter of law. *See* Sections A and B *supra*. Because Plaintiff has not alleged any valid underlying violation of law, Plaintiff has not alleged a violation of the UCL's "unlawful" prong. *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal.App.4th 700, 718 (2001) (no "unlawful" UCL claim where plaintiff did not state an underlying violation of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   any statute or law); *In re Google, Inc. Privacy Policy Litig.*, 58 F.Supp.3d at 984-85 ("derivative

2   UCL [unlawful] claim" fails where plaintiff did not allege underlying violation of law).

3              ***3.       Plaintiff Fails to Plead Claims Under Unfair Prong of UCL***

4           To determine whether conduct is "unfair" for purposes of the UCL, courts apply one of

5   two tests: the balancing test, *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th

6   (1999), or the tethering test, *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163

7   (1999). Plaintiff's claim does not satisfy either one of these tests.

8           *Balancing Test.* Under the balancing test, "an 'unfair' business practice occurs when it

9   offends an established public policy or when the practice is immoral, unethical, oppressive,

10  unscrupulous or substantially injurious to consumers." *S. Bay Chevrolet*, 72 Cal. App. 4th at 886-

11  87 (quoting *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984)).

12  In applying this test, the Court must weigh the practice's "impact on its alleged victim, balanced

13  against the reasons, justifications[,] and motives of the alleged wrongdoer." *S. Bay Chevrolet*, 72

14  Cal. App. 4th at 886 (quoting *State Farm Fire & Cas. Co. v. Super. Ct.*, 45 Cal. App. 4th 1093,

15  1103-04 (1996), *abrogated by Cel-Tech*, 20 Cal. 4th 163.). "In brief, the court must weigh the

16  utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id*.

17  (quoting *State Farm Fire & Cas. Co.*, 45 Cal. App. 4th at 1104).

18          *Tethering Test*. Pursuant to the tethering test, "unfairness . . . under section 17200 [must]

19  be tethered to some legislatively declared policy or proof of some actual or threatened impact on

20  competition." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 186-87.

21          Plaintiff alleges in conclusory fashion that "Defendants acted in an immoral, unethical,

22  oppressive, and unscrupulous manner by knowingly wiretapping Plaintiff's and class member's

23  communications of their private personal information without their consent." Comp. ¶ 87. As

24  explained above, Plaintiff's CIPA claims fail. Moreover, there is nothing immoral, unethical,

25  oppressive, and unscrupulous about providing Allstate with a software to create better digital

26  experiences for its customers. There are no allegations that Heap discloses, uses, or duplicates the

27  gathered information for any improper purpose. Heap's software is used for legitimate business

28  purposes and is not an unfair practice under either the balancing test or the tethering test.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**VI.**    <u>CONCLUSION</u>

Plaintiff's Complaint should be dismissed in its entirety.

DATED:  May 31, 2023                JON P. KARDASSAKIS
                                    ELEONORA ANTONYAN
                                    MICHAEL K. JOHNSON
                                    LEWIS BRISBOIS BISGAARD & SMITH LLP


                                    By:  _____
                                         MICHAEL K. JOHNSON
                                         Attorneys for Defendant  HEAP, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW