**BERMAN TABACCO**
Joseph J. Tabacco, Jr. (State Bar No. 75484)
jtabacco@bermantabacco.com
Matthew D. Pearson (State Bar No. 235339)
mpearson@bermantabacco.com
Alexander S. Vahdat (State Bar No. 284963)
avahdat@bermantabacco.com
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Attorneys for Plaintiff*

[Additional Counsel Listed on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CONRAD JAMES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY and HEAP INC.<br><br>Defendants. | Case No. 3:23-cv-01931-JSC<br><br><u>**CLASS ACTION**</u><br><br>**AMENDED AND RESTATED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Conrad James, individually and on behalf of all others similarly situated, by and through his attorneys, and files this Amended and Restated Class Action Complaint against Defendants Allstate Insurance Company and Heap Inc.  In support thereof, Plaintiff states the following:

## NATURE OF THE ACTION

1.    Allstate Insurance Company ("Allstate") offers consumers quotes for insurance policies if they fill out a form online at Allstate.com.  To obtain a quote, consumers must enter private information about themselves, including their protected health history.

2.    Heap Inc. ("Heap") is a marketing software-as-a-service ("SaaS") company that sells platform software product that records consumer interactions with a website in real time. Website owners can use this software by adding Heap's JavaScript[1] into the source code of their website.  This allows both Heap and the website owner to record a visitor's keystrokes and other actions on the website.  By supplying its software to Allstate and knowing Allstate's purpose in using its software, Heap actively assisted Allstate and independently participated in the invasion of Plaintiff's privacy and the privacy interests of the putative class as more fully described below.

3.    Allstate embedded Heap's JavaScript in the source code on its website to optimize its lead generation efforts.  Allstate and Heap benefit financially from collecting information provided by potential customers, or "leads," who indicate an interest in purchasing insurance. Adding Heap's JavaScript allowed both companies to surreptitiously observe and record visitors' keystrokes, mouse clicks, and other electronic communications, including their entry of Personally Identifiable Information ("PII") and Protected Health Information ("PHI").

4.    When users seeking an insurance quote enter private information on Allstate.com, Allstate shares those communications with Heap in real time, without notifying users and without first obtaining their consent.  The communications Allstate shares with Heap include its users' geolocation and answers regarding their private personal and medical information, such as name, email address, age, height, weight, information regarding medical conditions, prescribed

---

[1] JavaScript is a programming language commonly used in website development to add features and functions to a website.

medications, and hospitalization history.  Heap's software purports to increase the value of Allstate's leads by harvesting extra information about each person and independently documenting the information they provided.

5.     By wiretapping and intercepting website users' communications, Defendants Allstate and Heap violate the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631, and invade Plaintiff's and class members' privacy rights in violation of the California Constitution.

6.     In November and December, 2022, Plaintiff Conrad James accessed the Allstate website through his computer and mobile phone and used the Allstate website to search for an insurance quote, entering private information into the online form at Allstate.com.  During Plaintiff's visit, Defendants Allstate and Heap recorded Plaintiff's electronic communications in real time, and used the intercepted data to learn his identity, email address, zip code, date of birth, height, weight, use of prescription medications and tobacco products, and other PII and PHI without his consent.

7.     Plaintiff brings this action on behalf of himself and a class of all Californians whose electronic communications were intercepted by Defendants through Allstate's use of Heap's software on its website.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the claims alleged in this Class Action Complaint pursuant to 28 U.S.C. § 1332(d)(2)(A).

9.     Allstate does business throughout the State of California including in the County of San Francisco, and its registered agent for service is located at 28 Liberty Street New York, NY 10005.  The unlawful conduct of interception, tracking, and sharing consumers' online activity and private information without their consent as alleged herein occurred in the State of California, including in the County of San Francisco, and was intended and did substantially affect business and commerce within this State.

10.     Heap does business throughout the State of California including in the County of San Francisco, and its principal place of business is located at 225 Bush Street, Suite 200, San

Francisco, CA 94104.  The unlawful conduct of intercepting, tracking, and sharing consumers' online activity and private information without their consent as alleged herein occurred in the State of California, including in the County of San Francisco, and was intended and did substantially affect business and commerce within this State.

11.    Pursuant to 28 U.S.C. § 1391, this Court is a proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claim herein occurred in this District.

12.    This Court has personal jurisdiction over Defendants because Plaintiff's claims arise out of Defendants conducting, engaging in, and/or carrying on business in California, and violating the laws of California. Defendants also purposefully availed themselves of the opportunity of conducting activities in the State of California by marketing its products within the State and intentionally developing relationships with customers within the State.

## DIVISIONAL ASSIGNMENT

13.    Pursuant to Northern District of California Civil Local Rules 3-2(c), 3-2(d), and 3-5(b), assignment to the San Francisco Division of this District is proper because Defendant Heap's principal office is located in San Francisco, California, and a substantial part of the events or omissions giving rise to the claim occurred in San Francisco County.

## PARTIES

14.    Plaintiff Conrad James is an adult resident citizen of the State of California and resides in San Diego, California.

15.    Allstate is an Illinois company with its principal place of business at 2775 Sanders Road Northbrook, IL 60062.

16.    Allstate is an insurance company that calls itself "the Good Hands® people".[2] Among other services, Allstate provides consumers with products such as life insurance, auto

---

[2] Allstate, *Our Shared Purpose*, Allstate, https://www.allstatecorporation.com/about/our-shared-purpose.aspx (last visited June 30, 2023).

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

insurance, homeowners insurance, and business insurance by enabling consumers to make purchases online or through an agent.

17.    Allstate does business throughout California and the entire United States.

18.    Allstate owns and operates Allstate.com.

19.    Defendant Heap is a Delaware corporation with its principal place of business at 225 Bush Street, Suite 200, San Francisco, CA 94104.

20.    Heap is a SaaS company.  In connection with its services to website operators, Heap provides software which monitors and records a website user's activity on a webpage.  This purports to increase the value of leads generated on third party websites by independently capturing, storing and documenting the information each lead provides and harvesting additional information about them such as their IP address and geolocation.

## FACTUAL ALLEGATIONS

### I.    HEAP'S SOFTWARE

21.    Defendant Heap provides a variety of real-time software products through a "Digital Insights Platform" for companies that want to generate leads for products or services.[3]

22.    Heap records real-time consumer interactions with websites, including keystrokes, mouse clicks, and other electronic communications.  Through its "Session Replay" feature, Heap allows "endless replays" that capture a moment-by-moment replay of what happened on the webpage in the order in which it happened, capturing what the consumer does on the page.[4]

23.    Heap permits prospective partners to add its JavaScript to their form page and start capturing lead certificates.  As soon as the JavaScript is added to a webpage, Heap will automatically start to capture the data submitted in the form.

24.    Heap's JavaScript allows it to record the keystrokes, mouse clicks, data entry, and other electronic communications of visitors to websites where the JavaScript is installed.  It also

[3] Heap, *Why You Need a Digital Insights Platform*, Heap, https://www.heap.io/why-heap/digital-insights-platform (last visited June 30, 2023).

[4] Heap, *How Heap Works*, Heap, https://www.heap.io/why-heap/how-heap-works (last visited June 30, 2023).

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

allows Heap to track real-time events, historical-based reports, and other information described above.  Heap in turn, provides this data to its clients.

25.     On its website, Heap advertises that it collects this data immediately and gives you "the full picture, and then some" by "a single snippet of code."[5]

26.     The recording of keystrokes, mouse clicks, data entry, and other electronic communications begins the moment a user accesses or interacts with a website that contains the Script.  Upon information and belief, Heap's software transmits the information captured to Heap's server, where it is stored and monitored for changes or other activities by the website user.  Because this data is stored or can be accessed by Heap, it can use or access Plaintiff and the putative class members' data for other purposes.  Additionally, Heap provides data retention to its customers and charges a fee for storing and retaining its customers' data.

27.     In a 2017 study by Princeton University researchers concerning similar technology, the researchers noted that "the extent of data collected by these services far exceeds user expectations; text typed into forms is collected before the user submits the form, and precise mouse movements are saved, all without any visual indication to the user."[6]

28.     After adding Heap's JavaScript into the HTML of a webpage, a unique certificate is automatically generated for every lead.  This allows both Heap and the webpage owner to record keystrokes, mouse clicks, data entry, and other electronic communications of site users.

29.     Heap's business model involves entering into voluntary partnerships with various companies and providing its software to its partners for a fee.  One of Heap's partners is Allstate. Both Heap and Allstate benefit financially from Allstate's use of Heap's lead generation software. Heap benefits financially when Allstate purchases its software services. And Allstate benefits financially from sharing users' data with Heap, including because "certifying" leads and harvesting

---

[5] Heap, *The Most Complete Data Capture on the Market*, Heap, https://www.heap.io/platform/capture (last visited June 30, 2023).

[6] Steven Englehardt, *No boundaries: Exfiltration of personal data by session-replay scripts*, Freedom To Tinker (Nov. 15, 2017), https://freedom-to-tinker.com/2017/11/15/no-boundaries-exfiltration-of-personal-data-by-session- replay-scripts/.

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

extra data about the users increases the value of the leads, which Allstate uses or sells to lead buyers. Thus, both Heap and Allstate benefit financially from Allstate's use of Heap's software services.

30.     Allstate provides a variety of insurance products.  To obtain a quote on an Allstate insurance plan, consumers fill out a form online at Allstate.com.  Users are prompted to select the "get a quote" button.

31.     Allstate uses Heap's JavaScript on Allstate.com, which is embedded into the source code of Allstate's website, as shown in the red box below:

```
<script src="https://ads.revjet.com/analytics?acu=3280"></script>
<script type="text/javascript" async src="https://cdn.heapanalytics.com/js/heap-4138728049.js"></script>
</script> </script>
```

32.     After selecting the "get a quote" button, consumers are required to answer multiple questions, including questions about their medical health.   The consumer's responses are automatically sent to Heap.  Consumers must communicate to Allstate information including, but not limited to:

       a.     Name, zip code, gender, and age;

       b.     Email address;

       c.     Height and weight;

       d.     Use of prescription medications and tobacco products;

       e.     Medical conditions such as cardio or heart history;

       f.     The use of marijuana and THC;

       g.     Use of illegal drugs; and

       h.     Criminal record history.

33.     Heap is not an affiliate of Allstate, it is a third-party.  An ordinary consumer would not know—and nothing on the face of Allstate.com gives any indication—that their answers in the insurance quote form are being recorded and shared with a third party such as Heap.

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

34.     Without the consent of the user, Allstate enables Heap to monitor, intercept, and record a user's interactions with the site as it asks questions to obtain the above information.  The information—including the information listed in Paragraph 32, above—is then automatically transmitted to Heap.  After answering the questions seeking the information listed in Paragraph 32, users can obtain a quote for insurance.

35.     Users who visit Allstate's website to get an insurance quote are not put on notice of its Privacy Statement, the Terms of Use, or provided with any other notification that the sensitive information they are submitting is being recorded by Allstate or Heap or shared by Allstate with Heap or any other third party.

36.     Users who fill out an insurance quote form are also not provided with webform pages tailored to their prior answers.  Rather, only those consumers who take the extra step to click on the hyperlink "Why do we ask?" are informed that Allstate collects information:

**Why do we collect this information?**                                    ✕

In this section, we will be asking about your health, status, and life activities, in order to assess your level of risk. This allows us to personalize your quote.

37.     Even still, the above notice does not notify users of the collection and sharing of their information, which has already been recorded and shared in real time, submitted during the insurance quote form process.

38.     Allstate does not obtain consent from consumers to collect or share this information with third parties such as Heap before, during, and/or after consumers submit their sensitive information to obtain an insurance quote.

39.     Only if a user were able to find, click, and read through its "Allstate Online Privacy Statement" would a consumer learn that Allstate "may share your personal information with [its] affiliates for business purposes." In addition, it provides that Allstate "may also share personal information about you with third parties whenever you consent to or direct such sharing."

40.     However, Plaintiff and others who fill out an insurance quote form and provide their private information are not put on notice of Allstate's Terms of Use and Privacy Statement.



41.     Allstate's Terms of Use and Privacy Statement can only be accessed through a hyperlink that is located, among a multitude of links, in small letters at the very bottom of the page.

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

42. By the time Plaintiff and other consumers began to complete the online form, however, the interception has already occurred, and their personal information had already been captured and shared without their knowledge or consent. In other words, even if a user, such as Plaintiff, reaches the point where he was notified of Allstate's Terms of Use and Privacy Statement, decides to click through and review the Terms of Use and Privacy Statement, and then does not agree and leaves the website, that user's personal information has already been captured, intercepted, and shared in real time.

43. Allstate failed to give Plaintiff and members of the putative class adequate notice that their form responses have been intercepted and transmitted to Heap and that their activity will continue to be intercepted, transmitted to, and monitored by Heap going forward. This conduct by Allstate and Heap continues to this day.

44. Allstate knows it captures the keystrokes, mouse clicks, and other communications of visitors to its website, and Allstate supplies that information to Heap and pays Heap for this service.

45. Pursuant to an agreement with Heap, Allstate enables user information to be tracked by voluntarily embedding Heap's JavaScript into its website at Allstate.com.

46. As currently deployed, this functions as a wiretap.

47. Allstate and Heap, and each of them, intercepted, recorded, and monetized valuable personal information without the consent of website users. Allstate recognizes the value and market for this information. Allstate uses or sells "leads" containing the intercepted information, and Heap's product is designed to facilitate and increase the value of those leads.

## II.    DEFENDANTS WIRETAPPED PLAINTIFF'S ELECTRONIC COMMUNICATIONS

48. In November and December 2022, Plaintiff Conrad James accessed the Allstate website through his computer and mobile phone and used Allstate's website to search for an insurance quote. Plaintiff and the class used smart phones (cellular telephony with integrated operating systems to enable web browsing) and/or Wi-Fi-enabled laptops using a combination of

cellular and landline telephony. As such, the conversations with Defendant were transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by CIPA.

49. Plaintiff was in California on each occasion that he visited the website.

50. During each visit, Allstate and Heap recorded Plaintiff's electronic communications in real time, using the intercepted data to attempt to learn the identity, email address, zip code, age, height, weight, use of prescription medications and tobacco products, and other PII and PHI of Plaintiff while he sought an insurance quote.

51. Plaintiff was unaware at the time that his keystrokes, mouse clicks, and other electronic communications, including the information described above, were being intercepted in real time and were being disclosed to Heap (a third party), nor did Plaintiff consent to share his private information with Heap.

52. During Plaintiff's visits, Heap's "Session Replay" feature recorded a video capturing Plaintiff's keystrokes and mouse clicks on the website. It also captured the date and time of each visit, the duration of the visit, Plaintiff's IP address, his location at the time of the visit, browser type, and the operating system on their device.

53. Users, including Plaintiff, did not receive notice of Allstate's Privacy Statement when they click, "Get a quote," which initiates the interception of their responses on the form.

54. Nor do users provide informed consent when providing personal information that had already been intercepted and captured without their knowledge or consent.

55. Further, because users are not adequately informed that their activity is being intercepted, users also do not provide informed consent to the interception of the answers they provide.

56. Allstate did not tell Plaintiff or other visitors to its websites that their keystrokes, mouse clicks and other communications were being recorded and shared with Heap. Even Allstate's more limited disclosures were being made *after* the interception had already begun.

57. Neither Plaintiff nor any class member consented to being wiretapped on Allstate's website or to the recording and sharing of their communications with Heap. Furthermore, any

purported consent was ineffective because (i) the wiretapping began from the moment Plaintiff and class members accessed Allstate's website; and (ii) the Privacy Statement did not disclose the wiretapping, Heap's interception and recording of their PII, or its sharing of sensitive information.

58.    At no time before or during a user's browsing of its website does Allstate disclose that it will be recording users' activities in real time.

59.    Nor does Allstate's Privacy Statement disclose that it is recording a user's activities in real time.  Even if Allstate had disclosed its wiretapping at issue in its Privacy Statement, Allstate still acted without Plaintiff's consent because Allstate does not ask for users' consent before it began wiretapping them.

**CLASS ACTION ALLEGATIONS**

60.    Plaintiff brings this lawsuit as representative of a class of all resident citizens of California who visited Allstate.com and provided personal information on Allstate's form to receive a quote for insurance and whose information was intercepted and disclosed to Heap.

61.    The "Class Period" begins four years preceding the date of the filing of the initial complaint and continues to the present.

62.    Plaintiff reserves the right to modify, change, or expand the class definition as appropriate based on further investigation and discovery obtained in the case.

63.    Excluded from the class are Defendants, their employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, the members of their immediate families, and Plaintiff's counsel.

64.    This action may be properly maintained as a class action, as it satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Fed. R. Civ. P. 23.

65.    **Numerosity:**  The class is sufficiently numerous because it consists of at least thousands of individuals, making joinder impractical.

66.    **Commonality and predominance:** A well-defined community of interest exists among class members.  Common questions of law and fact exist with regard to each of the claims

and predominance over questions affecting only individual class members. Questions common to the class include:

      a.    whether Defendants violate the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631 and 632.7;

      b.    whether Defendants invaded Plaintiff's and putative class members' privacy rights in violation of the California Constitution;

      c.    whether class members are entitled to actual and/or statutory damages for the aforementioned violations; and

      d.    whether Defendants should be enjoined from engaging in such conduct in the future.

67.    **Typicality:** The claims of the named Plaintiff are typical of the claims of the class that he represents and arise out of the same standard form improper conduct perpetrated on members of the class.

68.    **Adequacy of representation:** Plaintiff will fairly and adequately protect the interests of the members of the class that he represents and has no interest antagonistic to those of other class members. Plaintiff has retained class counsel competent to prosecute class actions and is financially able to represent the class.

69.    **Superiority:** The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. The common questions of law and fact regarding Defendant's conduct and the interpretation of form documents devised by Defendant predominate over any questions affecting only individual class members. The interest of judicial economy strongly favors adjudicating the claims as a class action rather than on an individual basis because the amount of any individual's damages is too small to make it practicable to bring individual lawsuits. The conduct of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each class member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

1    infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action

2    as a class action are substantially outweighed by the benefits to the legitimate interests of the

3    parties, the Court, and the public of class treatment in this Court, making class adjudication

4    superior to other alternatives.

5        70.    Class action treatment is proper, and this action should be maintained as a class

6    action because questions of law and fact predominate over any questions affecting only individual

7    members, and a class action is superior to other available methods for the fair and efficient

8    adjudication of the controversy.

9        71.    Plaintiff is not aware of any obstacles likely to be encountered in the management

10   of this action that would preclude its maintenance as a class action.  Class-wide treatment provides

11   the Court with authority and flexibility to maximize the efficiencies and benefits of the class

12   mechanism and reduce management challenges.

13       72.    **Injunctive relief:**  Defendants have acted or refused to act on grounds generally

14   applicable to the class, thereby making appropriate final injunctive relief and corresponding

15   declaratory relief with respect to the class as a whole.

16                              **COUNT I**
                **Violation of the California Invasion of Privacy Act ("CIPA")**
17                          **Cal. Penal Code § 631**

18       73.    Plaintiff repeats the factual allegations contained in the foregoing paragraphs as if

19   fully set forth herein.

20       74.    Plaintiff brings this claim individually and on behalf of the members of the class

21   against Defendants.

22       75.    To establish liability under section 631(a), a plaintiff need only establish that the

23   defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any

24   of the following:

25           Intentionally taps, or makes any unauthorized connection, whether physically,

26           electrically, acoustically, inductively or otherwise, with any telegraph or telephone

27

28                                       13

wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephone communication system,

*Or*

Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,

*Or*

Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

*Or*

Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

76.     Section 631(a) is not limited to phone lines but also applies to newer technology such as computers, the Internet, and email.

77.     Heap's software product is a "machine, instrument, contrivance, or . . . other manner" used to engage in the prohibited conduct at issue in this action.

78.     Heap's software product intercepts Class members' communications in transit while passing over the lines of internet communication by recording them in real time as the user enters information.  Plaintiff and the putative class members' communications with Allstate were conducted using smart phones (cellular telephony with integrated operating systems to enable web browsing) and/or Wi-Fi-enabled laptops and over the lines of internet communication.

79.     **Allstate's Violations:** At all relevant times, by using Heap's software technology, Allstate:

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

a.    intentionally tapped, electrically or otherwise, the lines of internet communication between Plaintiff and class members on the one hand, and Allstate's website on the other hand; and

b.    aided, agreed with, employed, and conspired with Heap to implement Heap's technology and to accomplish the wrongful conduct at issue here.

80.    **Heap's Violations:**    At all relevant times, by providing its software service to Allstate, Heap:

a.    intentionally tapped, electrically or otherwise, the lines of internet communication between Plaintiff and class members on the one hand, and Allstate's website on the other hand;

b.    willfully and without the consent of all parties to the communication, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and class members, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California; and

c.    aided, agreed with, employed, and conspired with Allstate to implement Heap's technology and to accomplish the wrongful conduct at issue here.

81.    Plaintiff and class members did not consent to any of Defendants' actions connected with Heap's wiretaps on Allstate's website.  Nor did Plaintiff or class members consent to Defendants' intentional access, interception, reading, learning, recording, and collection of Plaintiff's and class members' electronic communications.

82.    Defendants' violation of section 631(a) constitutes an invasion of privacy. Information transmitted by Plaintiff and intercepted by Defendants included, among other things, Plaintiff's name, zip code, gender, age, email address, height, weight, use of prescription medications and tobacco products, medical conditions, use of marijuana and THC, use of illegal drugs and criminal record history.  This information is sensitive and confidential and Plaintiff had a reasonable expectation of privacy when he believed that he was only sharing this information

with Allstate for the purpose of obtaining an insurance quote from Allstate. Defendants' intentional interception and misuse of Plaintiff's sensitive and confidential information is highly offensive and egregious. Plaintiff's personal and confidential information constitutes more than digital identification information such as an IP address. Instead, Plaintiff's PII and PHI was illegally obtained by Heap and Allstate provided Heap access to Plaintiff's PII and PHI. Plaintiff's PII and PHI are sensitive and confidential information and the disclosure and interception of Plaintiff's PII and PHI by Defendants is highly offensive and constitutes egregious conduct.

83.    Unless enjoined, Defendants will continue to commit these illegal acts. Plaintiff continues to desire to use the internet, including Allstate's website, to search for information about and shop for insurance, but does not want his provision of personal data informing an insurance quote to be wiretapped again. In addition to Allstate.com, Allstate operates different websites using various names, and partners with many other companies who operate their own websites using various names, and partners with many other companies who operate their own websites. Heap provides its software product to many other website operators who offer a wide array of services. For Allstate.com and many other websites that Plaintiff is likely to visit in the future, they have no practical way to know if their website communications will be monitored or recorded by Heap, or by both Defendants.

84.    Plaintiff and class members seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## COUNT II
### Violation of California Invasion of Privacy Act
### Cal. Penal Code § 632.7

85.    Plaintiff repeats the factual allegations contained in the foregoing paragraphs as if fully set forth herein.

86.    Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication

transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

87.    Plaintiff and the class members communicated with Defendants using smartphones (sophisticated cellular radio telephones) and/or devices enabled by cellular or landline telephony. As such, Plaintiff's communication was transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by Section 632.7.

88.    Consumer communication from the software functions on Allstate's website is transmitted via a combination of landline telephony and cellular telephony. As such, these communications with Plaintiff and the class members were transmitted from telephony subject to the prohibitions of Section 632.7.

89.    As described herein, Defendants recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

90.    As described herein, Allstate also assisted Heap in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

91.    Defendants' conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

**COUNT III**
**Violation of California Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200 *et seq.***

92.    Plaintiff repeats the factual allegations contained in the foregoing paragraphs as if fully set forth herein.

93.    Plaintiff brings this claim individually and on behalf of the members of the class against Defendants.

94.    Defendants are each a "person" under Cal. Bus. & Prof. Code § 17201.

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

95.     The UCL proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.

**Unlawful Conduct**

96.     Defendants' conduct is unlawful, in violation of the UCL, because as set forth herein, it violates CIPA, Cal. Penal Code § 631, and Plaintiff's and class members' privacy rights under the California Constitution.  Defendants are therefore in violation of the "unlawful" prong of the UCL.

**Unfair Conduct**

97.     Defendants' conduct is unfair because it violates California's constitutionally and legislatively declared public policy in favor of production of consumer privacy, including as is reflected in the CIPA and the California Constitution.

98.     Defendants acted in an immoral, unethical, oppressive, and unscrupulous manner by knowingly wiretapping Plaintiff's and class member's communications of their private personal information without their consent.

99.     The gravity of the harm resulting from Defendants' unfair conduct outweighs any potential utility of the conduct.  The practice of wiretapping private communications, including confidential PII and PHI, harms the public at large and is part of a common and uniform course of wrongful conduct.  There are reasonably available alternatives that would further Defendants' business interests.  For example, Allstate could obtain a user's fully informed consent to share their data with a third party before doing so.  Similarly, Heap could require affirmative user consent before recording consumer communications via software.

100.     The harm from Defendants' unfair conduct was not reasonably avoidable by consumers.  Plaintiff and class members had no reasonable means of discovering that Defendants were wiretapping Plaintiff's and class members' communications of their private information on Allstate.com.

18
AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

101.    Plaintiff and class members have no adequate remedy at law as they are unable to use Allstate's website without being wiretapped or knowing whether they are being wiretapped. Absent injunctive relief, Defendants' violations will continue to harm consumers.

102.    Unless enjoined, Defendants will continue to commit these illegal acts.  Plaintiff continues to desire to use the internet, including Allstate's website, to search for information about and shop for various forms of insurance, but he does not want his personal data informing an insurance quote to be wiretapped again.  Heap provides its software product to many other website operators who offer a wide array of services.  For Allstate.com and many other websites that Plaintiff is likely to visit in the future, he has no practical way to know if his website communications will be monitored or recorded by Heap, or by both Defendants.

103.    Plaintiff and class members seek appropriate relief under the UCL, including such orders as may be necessary to enjoin Defendants from continuing their unlawful and unfair acts or practices, including an order requiring Defendants to remove Heap's software from Allstate.com or to obtain fully informed consent from users before any of their confidential information has been recorded.

104.    To prevent injury to the general public, Plaintiff seeks an injunction requiring Defendants to remove Heap's software product from Allstate.com or to obtain fully informed consent from users before recording any of their confidential information.

105.    Plaintiff and class members seek injunctive relief under the UCL, as well as attorneys' fees and costs under Code of Civil Procedure section 1021.5.

**COUNT IV**
**Invasion of Privacy**
**California Constitution, Art. 1, § 1**

106.    Plaintiff repeats the factual allegations contained in the foregoing paragraphs as if fully set forth herein.

107.    Plaintiff brings this claim individually and on behalf of the members of the class against Defendants.

19

108.    Plaintiff and class members have a strong interest in: (1) precluding the dissemination and/or misuse of their sensitive, confidential PII and PHI; and (2) making personal decisions and/or conducting personal activities without observation, intrusion or interference, including the right to visit and interact with various Internet sites without being subjected to wiretaps without Plaintiff's and class members' knowledge or consent.

109.    Defendants wrongfully intruded upon Plaintiff's and class members' seclusion in violation of California law.  Plaintiff and class members reasonably expected that the private personal information sensitive, confidential PII and PHI they entrusted to Allstate would be kept private and secure and would not be disclosed to any unauthorized third party or for any improper purpose.

110.    At all relevant times, by implementing Heap's wiretaps on Allstate's Website, each Defendant intentionally invaded Plaintiff's and Class Members' privacy rights under the California Constitution and procured the other Defendant to do so.

111.    Defendants unlawfully invaded Plaintiff's and class members' privacy rights by:

a.    Harvesting their personal information, including sensitive, confidential PII and PHI, and transmitting it to unauthorized third parties or for improper purposes;

b.    enabling the disclosure of personal and sensitive facts about them in a manner highly offensive to a reasonable person; and

c.    enabling the disclosure of personal and sensitive facts about them without their informed, voluntary, affirmative, and clear consent.

112.    A reasonable person would find it highly offensive that Defendants received, collected, and stored Plaintiff's and class members' private personal information without their consent.

113.    Plaintiff and class members did not consent to any of Defendants' actions in implementing Heap's wiretaps on Allstate's website.

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC

114.    In failing to adequately protect Plaintiff's and class members' personal information, Defendants acted knowingly and in reckless disregard of their privacy rights.  Defendants were aware that using Heap's software product on Allstate.com would share user's private information with Heap, an unauthorized third party.  Nevertheless, Allstate chose to use, and Heap chose to offer its software without users' consent.  Defendants also knew or should have known that their conduct would be highly offensive to a reasonable person in Plaintiff's position.

115.    Defendants' unlawful invasions of privacy damaged Plaintiff and class members. As a direct and proximate result of these invasions, Plaintiff and class members suffered mental distress, and their reasonable expectation of privacy were frustrated and defeated.

116.    This invasion of privacy is serious in nature, scope, and impact.

117.    This invasion of privacy alleged here constitutes an egregious breach of the social norms underlying the privacy right.

118.    Plaintiff and class members therefore seek all relief available for an invasion of privacy in violation of Article I, Section 1 of California's Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully request the Court enter judgment against Defendants through an order:

      a.     Certifying the class under Fed. R. Civ. Pro. 23 and naming Plaintiff as the representatives of the class and Plaintiff's attorneys as class counsel;

      b.     Declaring that the Defendants' conduct violates the laws and standards referenced above;

      c.     Finding in favor of Plaintiff and the class on all counts asserted herein;

      d.     Granting Plaintiff and the class compensatory, statutory, and/or punitive damages or restitution;

      e.     Awarding prejudgment interest on all amounts awarded;

      f.     Entering appropriate injunctive relief;

1      g.    Awarding Plaintiff and the class their reasonable attorneys' fees and

2            expenses and costs of suit; and

3      h.    Such other and further relief as the Court deems necessary or appropriate.

4                              **DEMAND FOR JURY TRIAL**

5           Plaintiff demands a trial by jury of all claims and issues so triable.

6    Dated: June 30, 2023                  Respectfully submitted,

7                                          **BERMAN TABACCO**

8

9                                          By:    */s/ Matthew D. Pearson*

10                                                Matthew D. Pearson (State Bar No. 235339)
                                                  mpearson@bermantabacco.com

11
                                           Joseph J. Tabacco, Jr. (State Bar No. 75484)
12                                         jtabacco@bermantabacco.com
                                           Alexander S. Vahdat (State Bar No. 284963)
13                                         avahdat@bermantabacco.com
                                           425 California Street, Suite 2300
14                                         San Francisco, CA 94104
                                           Telephone: (415) 433-3200
15                                         Facsimile: (415) 433-6382

16
                                           Christina D. Crow (admitted *pro hac vice*)
17                                         christy.crow@jinkscrow.com
                                           **JINKS CROW, PC**
18                                         Union Springs Office
                                           219 Prairie Street North
19                                         Union Springs, Alabama 36089
                                           Telephone: (334) 738-4225
20                                         Facsimile: (334) 738-4229

21
                                           Brent Irby (*pro hac vice* application forthcoming)
22                                         brent@irbylaw.net
                                           **IRBY LAW LLC**
23                                         2201 Arlington Avenue South
                                           Birmingham, AL 35205
24                                         Telephone: (205) 936-8281

25

26

27

28
                                           22
                        AMENDED AND RESTATED CLASS ACTION COMPLAINT
                                   3:23-cv-01931-JSC

James M. Terrell (admitted *pro hac vice*)
jterrell@mtattorneys.com
**METHVIN & TERRELL, YANCEY, STEPHENS & MILLER, P.C.**
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone: (205) 939-3006

*Attorneys for Plaintiff and the Proposed Class*

AMENDED AND RESTATED CLASS ACTION COMPLAINT
3:23-cv-01931-JSC